JOHN E. KELLY, ESQ. (CA Bar 40,217)
MICHAEL A. DiNARDO, ESQ. (CA Bar 216,991)
MARC G. MARTINO (CA Bar 248,565)
KELLY LOWRY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, California 91367
Tel:   (818) 347-7900
Fax:   (818) 340-2859
E-Mail: mike@klkpatentlaw.com

Attorneys for Plaintiffs
PETER H. WOLF, PHOTOCRAZY, INC. and C.V.S.P.I.N., Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PETER H. WOLF, an individual;
PHOTOCRAZY, INC., a California
corporation; and C.V.S.P.I.N., Inc., a
California corporation;

     Plaintiffs,

vs.

ANTHONY FERRIS aka TONY
FERRIS, an individual; HOLIDAY
LIGHTING SERVICES, a business
entity; and BRIGHTSTAR, a
business entity;

    Defendants.

Case No. EDCV10-0819 VAP(DTBx)

COMPLAINT FOR:

(1)   Infringement of U.S.
Registrations;
(2)   False Designation of Origin
and Misrepresentation, 15
U.S.C. §1125(a);
(3)   Cyberpiracy, 15 U.S.C.
§1125(d);
(4)   Misappropriation of Trade
Secrets;
(5)   Unfair Competition, California
Law

* * * *

DEMAND FOR JURY TRIAL

KELLY LOWRY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, CA 91367

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

For their Complaint, Plaintiffs Peter H. Wolf, PhotoCrazy, Inc., and C.V.S.P.I.N., Inc., allege:

**JURISDICTION AND VENUE**

1.     This civil action is for: federal claim of infringement of U.S. registrations 15 U.S.C. §1051 et seq., 15 U.S.C. §1114(1) (first cause of action); federal claim of false designation of origin and misrepresentation 15 U.S.C. §1051 et seq., 15 U.S.C. §1125(a) (second cause of action); federal claim for cyberpiracy 15 U.S.C. §1125(d) (third cause of action); state claim of misappropriation of trade secrets, California Civil Code §3426 et seq. (fourth cause of action); and state claim for unfair competition under the common law and statutory laws of the State of California, Calif. Bus. & Prof. Code §17200-17203; & §17500 (fifth cause of action).

2.     The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338(a) and 15 U.S.C. §1121 for the first, second and third causes of action; and supplemental and pendent jurisdiction under 28 U.S.C. §1367 & 1338(b) for the fourth and fifth causes of action.

3.     Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b) & (c).

**GENERAL ALLEGATIONS**

4.     Plaintiff Peter H. Wolf ("Wolf") is an individual, residing in California at 509 Raindance Street, Thousand Oaks, California 91360.

5.     Plaintiff PhotoCrazy, Inc. ("PCI") is a corporation organized and existing under the laws of California, having a principal place of business at 509 Raindance Street, Thousand Oaks, California 91360.  Wolf is the principal and owner of PCI.

6.     Plaintiff C.V.S.P.I.N., Inc. ("CVSPIN") is a non-profit corporation organized and existing under the laws of California, having a principal place of business at 78454 Velie Way, Suite 9, Palm Desert, California 92060.

7.     Plaintiffs are informed and believe and based thereon allege that Defendant Anthony Ferris aka Tony Ferris ("Ferris") is an individual residing in California at 5801 Lake Lindero Drive, Agoura, California 91301. Plaintiffs are further informed and believe based thereon allege that Ferris conducts business throughout the State of California, in Agoura, and within this judicial district, including the acts complained of herein.

8.     Plaintiffs are informed and believe and based thereon allege that Defendant Holiday Lighting Services ("HLS") is an entity of unknown origin operating in California and having a principal place of business at 5801 Lake Lindero Drive, Agoura, California 91301.  Plaintiffs are further informed and believe based thereon allege that HLS conducts business throughout the State of California, in Agoura, and within this judicial district, including the acts complained of herein.

9.     Plaintiffs are informed and believe and based thereon allege that Defendant BrightStar is an entity of unknown origin operating in California and having a principal place of business at 2363 Teller Road, Suite 114, Newbury Park, California 91320.  Plaintiffs are further informed and believe based thereon allege that BrightStar conducts business throughout the State of California, in Newbury Park, and within this judicial district, including the acts complained of herein.

10.     Plaintiffs are informed and believe and based thereon allege that Ferris is the owner and/or operator of HLS and BrightStar.  Plaintiffs are further informed and believe and based thereon allege that at all times mentioned herein, each of the Defendants Ferris, HLS and BrightStar was

2

the agent, servant, representative, employee, partner and/or controlling
person of the other Defendants named herein, and in doing the acts herein
alleged, were acting as the agents for each other.

11.    Plaintiffs Wolf and PCI are engaged in the business of
providing event photography services, particularly, sporting event
photography, and providing photographs for inspection, selection and
distribution over the worldwide web on the website www.photocrazy.com.
Plaintiff Wolf owns numerous trademarks and United States patents
directed to this business.

12.    Plaintiff CVSPIN organizes, promotes and produces an annual
sporting event identified as "Tour de Palm Springs".  CVSPIN has been
organizing, promoting and producing Tour de Palm Springs for at least the
last twelve years.  Under the name and designation Tour de Palm Springs
CVSPIN produces this event every February and averages upwards of
7,500 participants each year.

13.    Since at least as early as 2000, Plaintiffs Wolf and PCI have
been providing event photography services for Tour de Palm Springs,
pursuant to an annually renewed contract with CVSPIN.

14.    Defendant Ferris is a former business associate of Plaintiff
Wolf and PCI. In or about September 2009, Plaintiffs Wolf and PCI entered
into a work agreement with Ferris and BrightStar, whereby Ferris and
BrightStar would assist with operations and marketing on behalf of PCI.

15.    During the term of this association between Plaintiffs Wolf and
PCI, on the one hand, and Defendants Ferris and BrightStar, on the other
hand, PCI provided its event photography services to CVSPIN in February
2010 for Tour de Palm Springs.

16.    Defendants Ferris and BrightStar operated and promoted PCI
during the provision of event photography services to CVSPIN for the

February 2010 Tour de Palm Springs. To assist in the provision of the event photography services, CVSPIN provided Plaintiffs Wolf and PCI, as well as Defendants Ferris and BrightStar with proprietary trade secret information, including a list of participants in Tour de Palm Springs with contact information for all of those participants.  Such information was provided to Wolf, PCI, BrightStar and Ferris under a duty to maintain the information as confidential and not disclose the same to any third parties.

17.   On March 29, 2010, Plaintiffs Wolf and PCI entered into an agreement on how to handle finances with BrightStar and Ferris. This agreement how to handle finances specified how ownership of property relevant to the business relationship was owned, as well as, established procedures for the handling of income, expenses, and profits/losses, among other finances.

18.   On or about April 9, 2010, Plaintiffs Wolf and PCI entered into a second agreement with Defendants BrightStar and Ferris.  This second agreement superceded the first agreement, made Ferris and BrightStar responsible for operations and marketing on behalf of PCI, and more clearly stated the rights and obligations of all parties in the relationship.

19.   On May 19, 2010, Plaintiffs Wolf and PCI terminated the relationship and all agreements with Ferris and BrightStar relating to the operations and marketing on behalf of PhotoCrazy, as well as the agreement how to handle finances.

20.    Plaintiffs are informed and believe and based thereon allege that on or about May 27, 2010, Defendant Ferris, through HLS, registered the domain name tourofpalmsprings.com through GoDaddy.com, Inc.

21.   Plaintiffs are further informed and believe and based thereon allege that subsequent to registering the TOUROFPALMSPRINGS.COM domain name, Defendants Ferris, BrightStar and/or HLS used the list of

participants from the February 2010 Tour de Palm Springs to send a fraudulent survey email from the TOUROFPALMSPRINGS.COM domain to at least some of the participants of the February 2010 Tour de Palm Springs event purporting to be Tour de Palm Springs.

22.    Specifically, Plaintiffs are informed and believe and based thereon allege that Defendants requested the participants to answer a survey "to help us improve this year's ride", offered the participants "$10 off a future photocrazy.com digital photo" for answering the survey, and signed the email "Tour of Palm Springs". Plaintiff are informed and believe and based thereon allege that Defendants intended that the participants believe that the survey email originated from and was authorized by Plaintiffs.

23.    Some of the participants in the February 2010 Tour de Palm Springs that received the fraudulent survey email from Defendants contacted CVSPIN regarding the email.  Plaintiffs are informed and believe and based thereon allege that at least some of the recipients of the fraudulent survey email believed that the email originated from and was authorized by Plaintiffs.

24.    Plaintiffs are further informed and believe and based thereon allege that Defendants sent an email purporting to be from CVSPIN to PCI and Wolf, stating that riders were responding to the fraudulent survey email negatively too often for CVSPIN to continue to use the photography services of Wolf and PCI for future Tour de Palm Springs events.

25.    Plaintiffs' claims asserted against Defendants regarding all causes of action stated in these pleadings arose in this judicial district.

## FIRST CAUSE OF ACTION

### FOR INFRINGEMENT OF U.S. TRADEMARK REGISTRATIONS

### 15 U.S.C. §1114

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

(Plaintiff Wolf against all Defendants)

26.    Plaintiffs incorporate by reference as part of this cause of action the allegations contained in paragraphs 4 thru 25.

27.    Plaintiff Wolf is the sole and exclusive owner of United States Trademark Registration No. 2,389,779 for PHOTOCRAZY, listed on the Principal Register, granted September 26, 2000 and used for services described as Event Photography. A copy of the registration is attached to this Complaint and identified as Exhibit A.

28.    Plaintiff Wolf is the sole and exclusive owner of United States Trademark Registration No. 3,104,968 for PHOTOCRAZY.COM RELIVE THE MOMENT! and Design, listed on the Principal Register, granted June 13, 2006 and used for goods described as photography equipment and services described as photography services. A copy of the registration is attached to this Complaint and identified as Exhibit B.

29.    Plaintiffs are informed and believe and based thereon allege that Defendants, in connection with the above alleged actions, used in commerce one or both of the registered marks owned by Wolf or colorable imitations thereof.

30.    Plaintiffs are informed and believe and based thereon allege that such use by Defendants occurred after Wolf's earliest use and registration of his registered trademarks.

31.    Plaintiffs are informed and believe and based thereon allege that such use by Defendants was in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods or services.

32.    Specifically, Plaintiffs are informed and believe and based thereon allege that Defendants intend to organize, promote and produce a cycling event in October to compete with Tour de Palm Springs.  Plaintiffs

6

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

are further informed and believe and based thereon allege that Defendants intend to offer event photography services at such October cycling event.

33. Subsequent adoption and commercial use by Defendants of Wolf's registered marks in connection with such goods or services is likely to cause confusion, mistake and deception in the minds of the consumers, members of the trade and the general public, relative to Wolf, Wolf's federally registered mark PHOTOCRAZY, Plaintiff's federally registered mark PHOTOCRAZY.COM RELIVE THE MOMENT! and Design, and the correct source of Defendants' goods and services.

34. Past, present and future commercial usage by Defendants of PHOTOCRAZY or any variation thereof constitutes infringement of Wolf's U.S. trademark registrations under the U.S. trademark laws. 15 U.S.C. §1051 et seq., 15 U.S.C. §1114(1).

35. Wolf is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §1116, §1117 & §1118.

## SECOND CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION RE TRADEMARKS

## UNDER THE LANHAM ACT 15 U.S.C. §1125(a)

(All Plaintiffs against all Defendants)

36. Plaintiffs incorporate by reference as part of this cause of action the allegations contained in paragraphs 4-25 and 27-33.

37. Plaintiffs Wolf and Plaintiff PCI, on its own and through its predecessors-in-interest, have been doing business under the name PHOTOCRAZY for at least the past eleven years, providing event photography services and making photographs available on the internet for inspection and ordering.

38.    Since June 1999, the domain name PHOTOCRAZY.COM has been registered by PCI or its predecessors-in-interest.

39.    The name PHOTOCRAZY is a designation of origin that identifies Wolf and PCI as exclusive sources and distinguishes their goods/services in the marketplace.

40.    The designation of origin PHOTOCRAZY, as used by Wolf and PCI is a mark and source indicator and was either inherently distinctive when first used by Wolf and PCI or has long ago acquired secondary meaning and distinctiveness.

41.    Wolf's and PCI's mark PHOTOCRAZY, to the extent necessary, acquired distinctiveness and secondary meaning prior to Defendants' adoption and use of PHOTOCRAZY.

42.    Plaintiff CVSPIN has been organizing, promoting and producing the cycling event identified as Tour de Palm Springs for at least the past twelve years.  CVSPIN has exclusively used the name and designation TOUR DE PALM SPRINGS for cycling events and related goods and/or services during this time.

43.    The name TOUR DE PALM SPRINGS, as used by CVSPIN for its goods and services, is a designation of origin that identifies CVSPIN as an exclusive source and distinguishes its goods and services in the marketplace.

44.    The designation of origin TOUR DE PALM SPRINGS, as used by CVSPIN is a mark and source indicator and was either inherently distinctive when first used by CVSPIN or has long ago acquired secondary meaning and distinctiveness.

45.    CVSPIN's mark TOUR DE PALM SPRINGS, to the extent necessary, acquired distinctiveness and secondary meaning prior to Defendants' adoption and use of TOUR OF PALM SPRINGS.

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

46.    Commercial usage by Defendants of PHOTOCRAZY and/or TOUR OF PALM SPRINGS is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public, relative to the source of Plaintiffs' goods and/or services, Plaintiffs' commercial activities, and the correct source of Defendants' goods and/or services.

47.    Existing and potential customers, members of the trade, as well as members of the general public will, upon observing or reacting to Defendants' usage of PHOTOCRAZY and/or TOUR OF PALM SPRINGS likely believe there is a sponsorship, affiliation, association, licensing and/or other business connection between Plaintiffs and Defendants.

48.    Defendants either knew or should have known that in selecting and using PHOTOCRAZY and/or TOUR OF PALM SPRINGS as designations of origin, they would deceive purchasers and members of the trade into mistakenly believing that Defendants' goods and/or services were produced, sponsored, approved or licensed by Plaintiffs.

49.    By using the above-described false designations of origin PHOTOCRAZY and TOUR OF PALM SPRINGS, Defendants have attempted to pass off and/or have in fact passed off their goods and/or services as Plaintiffs' goods and/or services.

50.    Plaintiffs have no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to their trade identity rights for which they cannot be fully compensated in damages - unless the Court enjoins Defendants from further usage of their confusingly similar and false designations of origin PHOTOCRAZY and/or TOUR OF PALM SPRINGS.

51.    Past, present and future commercial usage by Defendants of PHOTOCRAZY and/or TOUR OF PALM SPRINGS constitutes

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

infringement, false designation of origin, false representation and violation of Plaintiff's trade identity rights and the general public's right to be free from confusion and misrepresentation under the U.S. trademark laws. 15 U.S.C. §1051 et seq., §1125(a).

52.     Plaintiffs are entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §1116, §1117 & §1118.

### THIRD CAUSE OF ACTION

### CYBERPIRACY UNDER LANHAM ACT 15 U.S.C. §1125(d)

(Plaintiff CVSPIN against Defendants Ferris and HLS)

53.     Plaintiffs incorporate by reference as part of this cause of action the allegations contained in paragraphs 4-25, 27-33 and 37-49.

54.     Plaintiff CVSPIN has used the name and designation TOUR DE PALM SPRINGS in connection with the organizing, promoting and producing of a cycling event for at least the past twelve years.

55.     During such time, CVSPIN's use of the name and designation TOUR DE PALM SPRINGS has been exclusive.

56.     The name and designation TOUR DE PALM SPRINGS, as used by CVSPIN for its goods and services, is a designation of origin that identifies CVSPIN as an exclusive source and distinguishes its goods and services in the marketplace.

57.     The designation of origin TOUR DE PALM SPRINGS, as used by CVSPIN is a mark and source indicator and was either inherently distinctive when first used by CVSPIN or has acquired secondary meaning and distinctiveness.

58.     CVSPIN's mark TOUR DE PALM SPRINGS, to the extent necessary, acquired distinctiveness and secondary meaning prior to

Defendants' use and registration of TOUROFPALMSPRINGS.COM on or about May 27, 2010.

59.     Plaintiffs are informed and believe and based thereon allege that Defendants' use and registration of TOUROFPALMSPRINGS.COM was done with the bad faith intent to profit from CVSPIN's TOUR DE PALM SPRINGS mark.

60.     The domain name TOUROFPALMSPRINGS.COM used and registered by Defendants is confusingly similar to CVSPIN's TOUR DE PALM SPRINGS mark.

61.     Plaintiffs are informed and believe and based thereon allege that Defendants had the intent to divert customers from CVSPIN to Defendants' business and/or website in a manner that could harm the goodwill represented by CVSPIN's TOUR DE PALM SPRINGS mark.

62.     Plaintiffs are further informed and believe and based thereon allege that Defendants' intent to divert customers was either for commercial gain or with the intent to tarnish or disparage CVSPIN's TOUR DE PALM SPRINGS mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

63.     Past, present and future registration and usage by Defendants of TOUROFPALMSPRINGS.COM constitutes cyberpiracy and a violation of CVSPIN's trade identity rights under the U.S. trademark laws. 15 U.S.C. §1051 et seq., §1125(d).

64.     Plaintiffs are entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws, including the forfeiture, cancellation and/or transfer to CVSPIN of the domain name registration for TOUROFPALMSPRINGS.COM. 15 U.S.C. §1116, §1117, §1118 & §1125(d)(1)(C).

11

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

# FOURTH CAUSE OF ACTION

## MISAPPROPRIATION OF TRADE SECRETS

## UNDER CALIFORNIA LAW, CA CIVIL CODE §3426, et seq.

(All Plaintiffs against all Defendants)

65.    Plaintiffs incorporate by reference as part of this cause of action the allegations contained in paragraphs 4-25, 27-33, 37-49 and 54-62.

66.    Every year, CVSPIN compiles one or more lists of participants in its Tour de Palm Springs cycling event, which lists contain various information about the participants, including but not limited to contact information for the participants (the "CVSPIN Proprietary Information").

67.    The CVSPIN Proprietary Information constitutes confidential and proprietary information to CVSPIN and is disclosed only to a limited number of people and always under a duty of confidentiality.

68.    CVSPIN uses the CVSPIN Proprietary Information to contact past participants and advertise upcoming events.

69.    CVSPIN has expended a substantial amount of time, effort and money over the years to develop the CVSPIN Proprietary Information, and the same provides CVSPIN with a competitive advantage, ongoing sales, significant goodwill and substantial economic value from such information not being generally known to other persons who could profit from the same.

70.    The CVSPIN Proprietary Information is not generally known. Only those persons absolutely needing to know the information are provided with such information and they are advised that the information is proprietary and confidential and that it is not to be disclosed or used by the recipient for his or her own benefit.  Such persons are required to and do acknowledge and agree in writing that the information is proprietary and

12

confidential and agree not to disclose or use the information for their own benefit.

71.     Over the years, Wolf and PCI have compiled confidential information, including but not limited to operations manuals, customer lists, methods of doing business, operations know-how and photography know-how, including but not limited to the Server Operations Manual, the D1h Manual, and methods of accessing PCI's servers, email and bank accounts (the "PCI Proprietary Information").

72.     The PCI Proprietary Information constitutes confidential and proprietary information to Wolf and PCI and is disclosed only to a limited number of people and always under a duty of confidentiality.

73.     Wolf and PCI use the PCI Proprietary Information in the operation of their event photography business.

74.     Wolf and PCI have expended a substantial amount of time, effort and money over the years to develop the PCI Proprietary Information, and the same provides Wolf and PCI with a competitive advantage, ongoing sales, significant goodwill and substantial economic value from such information not being generally known to other persons who could profit from the same.

75.     The PCI Proprietary Information is not generally known.  Only those persons absolutely needing to know the information are provided with such information and they are advised that the information is proprietary and confidential and that it is not to be disclosed or used by the recipient for his or her own benefit.  Such persons are required to and do acknowledge and agree in writing that the information is proprietary and confidential and agree not to disclose or use the information for their own benefit.

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

13

76.   The CVSPIN and PCI Proprietary Information derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use.

77.   The CVSPIN and PCI Proprietary Information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

78.   The CVSPIN and PCI Proprietary Information both constitute trade secrets as defined by California Civil Code §3426.1.

79.   Defendants agreed to maintain the PCI Proprietary Information as confidential, not disclose the same to any unauthorized persons and not use the same for their own benefit.

80.   Defendants, by virtue of their association with Wolf and PCI, agreed to maintain the CVSPIN Proprietary Information as confidential, not disclose the same to any unauthorized persons and not use the same for their own benefit.

81.   Plaintiffs are informed and believe and based thereon allege that Defendants misappropriated and used the CVSPIN Proprietary Information at little or no cost to Defendants by distributing the fraudulent survey email to participants in the 2010 Tour de Palm Springs, among other actions.

82.   Plaintiffs are informed and believe and based thereon allege that Defendants willfully and maliciously misappropriated and used the PCI Proprietary Information at little or no cost to Defendants by improperly and unlawfully accessing computer servers, email accounts and bank accounts owned by Wolf and PCI without authorization, among other actions.

83.   Plaintiffs are informed and believe and based thereon allege that Defendants willfully and maliciously misappropriated and used the

CVSPIN and PCI Proprietary Information without the authorization or consent of Plaintiffs.

84.     Defendants had a duty to maintain the secrecy of the CVSPIN and PCI Proprietary Information and were aware of that duty at the time they began misappropriating and using the same.

85.     Plaintiffs have been injured by Defendants misappropriation and use of the CVSPIN and PCI Proprietary Information in an amount to be determined at trial.

86.     Plaintiffs are entitled to injunctive relief and their reasonable attorneys' fees in this matter.

## FIFTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION UNDER CALIFORNIA LAW

(All Plaintiffs against all Defendants)

87.     Plaintiffs incorporate by reference as part of this cause of action the allegations contained in paragraphs 4-25, 27-33, 37-49, 54-62 and 66-84.

88.     The names PHOTOCRAZY and TOUR DE PALM SPRINGS, as adopted and used by Plaintiffs to distinguish the source of their respective goods and/or services are marks that are protectable under the common law and the statutory laws of the State of California. California Business and Professions Code §14,330.

89.     Defendants have misappropriated the good will symbolized by Plaintiffs' distinctive marks PHOTOCRAZY and TOUR DE PALM SPRINGS.

90.     Plaintiffs are informed and believe and based thereon allege that Defendants had prior awareness of and imitated Plaintiffs' marks PHOTOCRAZY and TOUR DE PALM SPRINGS - and have unjustly enriched themselves at Plaintiffs' expense.

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

91.     Defendants' above-described conduct constitutes unfair competition under the common law and statutory laws of the State of California. <u>California Business and Professions Code §17,200, §17,203, and §17,500</u>.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs Peter H. Wolf, PhotoCrazy, Inc. and C.V.S.P.I.N., Inc. pray for:

I.     Judgment for preliminary and permanent injunctions enjoining Defendants Anthony Ferris aka Tony Ferris, BrightStar, and Holiday Lighting Services, all their officers, directors, owners, partners, employees, servants and agents -and- all those persons in active concert or participation with Defendants from violating Plaintiff's rights by way of:

(a)     Infringing directly or indirectly Plaintiff Wolf's U.S. Trademark Registration Nos. 2,389,779 (Exhibit A) and 3,104,968 (Exhibit B).

(b)     Organizing, promoting, and/or producing a cycling event using the name TOUR OF PALM SPRINGS.

(c)     Using the name PHOTOCRAZY, the name TOUR DE PALM SPRINGS, or the name TOUR OF PALM SPRINGS, for or in connection with organizing, promoting and/or producing a cycling event or running an event photography business..

(d)     Using any word, name, mark, designation, logo, or other material for or in connection with selling, marketing, advertising, promoting and/or distributing goods/services - which is likely to cause confusion, mistake or deception as to source relative to any of Plaintiffs' names, marks, designations of origin, logos, including the names PHOTOCRAZY, TOUR DE PALM SPRINGS, and/or TOUR OF PALM SPRINGS.

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

(e)     Passing off Defendants' goods and/or services as Plaintiffs' goods and/or services.

(f)     Misappropriation and/or use of Plaintffs' CVSPIN Proprietary Information and/or PCI Proprietary Information.

(g)     Practicing unfair competition, unfair trade practices, false advertising and/or misappropriation against Plaintiffs.

(h)     Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiffs or injuring Plaintiffs' good will and business reputation by way of imitation, misrepresentation, false statements, fraud, advertising and/or deception.

II.     An Order from the Court commanding that Defendants mail notice letters at their expense to all customers, accounts and participants - informing them that Defendants have committed unfair competition and infringement against Plaintiffs and that they have no affiliation, connection or other business relationship with Plaintiffs.

III.     Money damages and treble damages suffered by Plaintiffs in an amount to be ascertained.

IV.     An accounting for Defendants' profits, if any, derived from their infringement and unfair competition.

V.     Reasonable attorneys' fees and costs of this civil action. <u>15 U.S.C. §1117(a); Ca. Civil Code §3426.4</u>.

VI.     All other injunctive and monetary relief which the Court deems justifiable.

* * * * *

Complaint for Trademark Infringement
Wolf, et al. v. Ferris, et al. (#53037)
Case No. 10-CV-_____

1 | **DEMAND FOR JURY TRIAL**

2 |     Plaintiffs Peter H. Wolf, PhotoCrazy, Inc. and C.V.S.P.I.N., Inc.

3 | hereby demand a trial by jury.

4

5 | Dated:   June $\overset{.}{3}$, 2010         Respectfully submitted:

6 |                KELLY LOWRY & KELLEY, LLP

7

8 |                By:

9 |                John E. Kelly, Esq.
               Michael A. DiNardo, Esq.

10 |                Marc G. Martino, Esq.
               Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 819 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [_] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

John E. Kelly, Esq. (Bar No. 40217)
Michael A. DiNardo, Esq. (Bar No. 216991)
KELLY LOWRY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, CA 91367
Tel: (818) 347-7900  Fax: (818) 340-2859

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER H. WOLF, an individual; PHOTOCRAZY, INC., a California corporation; and C.V.S.P.I.N., Inc., a California corporation; PLAINTIFF(S) v. | CASE NUMBER<br><br>EDCV 10-0819 VAP (DTBx) |
| ANTHONY FERRIS aka TONY FERRIS, an individual; HOLIDAY LIGHTING SERVICES, a business entity; and BRIGHTSTAR, a business entity; DEFENDANT(S). | **SUMMONS** |

TO:  THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Michael A. DiNardo _____, whose address is:

Kelly, Lowry & Kelley, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, CA 91367

an answer to the ☒ complaint ☐_____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: ___JUN - 4 2010___

By: _Natalie Nongani_
　　　　Deputy Clerk

*(Seal of the Court)*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PETER H. WOLF, PHOTOCRAZY, INC. and C.V.S.P.I.N., Inc. | ANTHONY FERRIS aka TONY FERRIS, HOLIDAY LIGHTING SERVICES and BRIGHTSTAR |

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Ventura

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael A. DiNardo, Esq.          Tel:  (818) 347-7900
KELLY LOWRY & KELLEY, LLP     Fax:  (818) 340-2859
6320 Canoga Avenue, Suite 1650
Woodland Hills, CA 91367

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No       ☑ MONEY DEMANDED IN COMPLAINT: $ to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | | ☐ 245 Tort Product Liability | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:   Case Number: _____

EDCV10-0819

CV-71 (07/05)                                    CIVIL COVER SHEET                                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiff Peter H. Wolf, Ventura County
Plaintiff PhotoCrazy, Inc., Ventura County
Plaintiff C.V.S.P.I.N., Inc., Riverside County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant Anthony Ferris, Los Angeles County
Defendant Holiday Lighting Services, Los Angeles County
Defendant BrightStar, Ventura County

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Ventura County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____ June 3, 2010

MICHAEL A. DiNARDO

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET